EAL TREADWELL V. THE STATE.

No. 1408.   Decided November 29, 1911.

**1.—Injuring Fence of Another—Special Charge.**

Where the requested charge is not in the record, the same can not be considered on appeal.

**2.—Same—Charge of Court—Misdemeanor—Requested Charge.**

Where, upon appeal from a conviction of injuring the fence of another, there was evidence that the same was not wilfully done, but no special charge was requested, there was no reversible error, although the defense was good. In misdemeanor cases a special charge must be requested in order to bring the matter up on appeal.

Appeal from the County Court of Throckmorton. Tried below before the Hon. T. J. Wright.

Appeal from conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*R. B. Humphrey,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury, charged with unlawfully breaking and pulling down the fence of another without the consent of the owner. He was adjudged guilty, and his punishment assessed at a fine of ten dollars.

There are but two grounds in appellant's motion for a new trial, the first being that the court erred in refusing to give special charge No. 1 requested by defendant. There is no such charge in the record. The record contains no special charge, consequently we can not consider this ground.

The second is based on the insufficiency of the evidence. The testimony for the State shows that defendant tore down the fence of John Odell. Defendant, in his testimony, admits that he did so, but says it was necessary to get his wagons through the gates, and while he left the fence down that night as he had no tools with which to repair it, he intended to return the next morning and rebuild the torn down place, and he would have done so if he had not met Mr. Odell, who informed him that he had rebuilt the fence. Mr. Odell denies appellant telling him this until he informed him he was going to prosecute him. Had the defendant requested a charge presenting this issue, it should have been given, but in the absence of any requested charge, and in the absence of any exception to the charge as given, this being

a misdemeanor, under the decisions of this court, we would not be authorized to reverse the case because of this omission in the charge.

If in fact, it was a case of necessity, and defendant really intended to return and rebuild the fence as soon as he could go and get tools to do so, the conviction would seem to be a hardship, but this issue of fact is one for the jury to pass on under appropriate instructions, and in misdemeanor cases, it is incumbent on the defendant to ask special charges presenting his theory, and except to the failure of the court to properly submit the issue. This not being done, the judgment must be affirmed, and it is accordingly so ordered.

*Affirmed.*